LOWENTHAL v. LEONARD.

(Supreme Court, Appellate Division. First Department. August 4, 1897.)

DISCOVERY—INSPECTION OF BOOKS—PRIVILEGED COMMUNICATIONS.
    In an action by an executrix, it was error to order a discovery and inspection, before trial, of certain books of testator, in plaintiff's possession, which it was claimed would show entries tending to prove false representations by testator, set up in defense, where such books contained the records of privileged and confidential statements of patients to testator, who had been a physician, and it was not shown that the information defendant desired for a legitimate purpose might not be had at the trial.

Appeal from special term, New York county.

Action by Marie Lowenthal, executrix and trustee under the will of Herman Lowenthal, deceased, against Alfred D. Leonard, for the conversion of stock in a building and loan association, which stock plaintiff alleged was transferred to her testator as security for rent of a building leased by testator to defendant. From an order directing the inspection and discovery before trial of certain books of the testator, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, INGRAHAM, and PARKER, JJ.

H. Reeves, for appellant.
P. P. Stafford, for respondent.

PER CURIAM. This order should be reversed. A sufficient reason for an inspection and discovery before the cause is brought to trial was not shown. It was claimed by the moving party that the books of the plaintiff's testator would show that entries are contained therein

tending to prove false representations made by the testator as an inducement to the defendant to enter into the contract with him, referred to in the moving papers. But the books an inspection of which is sought are of such a character, containing, as they do, the records of privileged and confidential statements of patients made to a deceased physician, that the order allowing extracts or data from them should not have been made. Marie Lowenthal swears that all of the entries in the books contain memoranda of information and communications received from the patients of the testator, who was, at the time the entries were made, a practicing physician. It is not shown that all the information the defendant desires from them for a legitimate purpose may not be had at the trial, as well as before the trial. Those books are in the possession of the plaintiff, and can very readily be produced at the trial under subpoena. The extent of the business of the plaintiff's testator, so far as that may be determined from the record of persons treated by him at his house, can be made just as available at the trial as before; and on the trial, under the direction of a discriminating judge, there can be no abuse of the right of examination of the books, or the betrayal of the confidential matter which is recorded in them.

The order appealed from should be reversed, and the motion denied, with $10 costs.